MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

RONALD L. OLSON†
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
CHARLES D. SIEGAL
RONALD K. MEYER
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
ROBERT B. KNAUSS
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
LAWRENCE C. BARTH
KATHLEEN M. McDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
RONALD C. HAUSMANN
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
BART H. WILLIAMS
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN LINSLEY MYLES
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
GARTH T. VINCENT
TED DANE
STUART N. SENATOR

MARTIN D. BERN
DANIEL P. COLLINS
RICHARD E. DROOYAN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
KEVIN S. MASUDA
HOJOON HWANG
DAVID C. DINIELLI
PETER A. DETRE
PAUL J. WATFORD
DANA S. TREISTER
CARL H. MOOR
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART
TAMERLIN J. GODLEY
JAMES C. RUTTEN
J. MARTIN WILLHITE
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA
SEAN ESKOVITZ
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
MARIA SEFERIAN
MANUEL F. CACHÁN
ROSEMARIE T. RING
JOSEPH J. YBARRA
KATHERINE K. HUANG
MICHELLE T. FRIEDLAND
TODD J. ROSEN

TRUC T. DO
MELINDA EADES LeMOINE
SETH GOLDMAN
SUSAN R. SZABO
LINDSAY D. McCASKILL
BRIAN R. HOCHLEUTNER
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
KAREN J. EPHRAIM
LIKA C. MIYAKE
ANDREW W. SONG
VICTORIA L. BOESCH
HAILYN J. CHEN
BRAD SCHNEIDER
MIRIAM KIM
MISTY M. SANFORD
AIMEE FEINBERG
KATHERINE KU
KIMBERLY A. CHI
SHOSHANA E. BANNETT
DEREK J. KAUFMAN
MARCUS J. SPIEGEL
BETHANY W. KRISTOVICH
WILLIAM E. CANO
HENRY E. ORREN
BENJAMIN W. HOWELL
JACOB S. KREILKAMP
ERIC P. TUTTLE
HEATHER E. TAKAHASHI
KEITH R.D. HAMILTON, II
SORAYA C. KELLY
PATRICK ANDERSON
JEFFREY Y. WU
MARK R. CONRAD
L. ASHLEY AULL
M. LANCE JASPER
ALISSA BRANHAM
ADAM R. LAWTON
RACHEL L. STEIN
AVI BRAZ
DAVID C. LACHMAN
JENNY H HONG
AARON SEIJI LOWENSTEIN

LAURA D. SMOLOWE
SARALA V. NAGALA
LEO GOLDBARD
MATTHEW A. MACDONALD
CAROLYN V. ZABRYCKI
MARGARET G. ZIEGLER
ESTHER H. SUNG
MIRIAM SEIFTER
BENJAMIN J. MARO
RENEE DELPHIN-RODRIGUEZ
MICHAEL J. MONGAN
KATHRYN A. EIDMANN
JOEL M. PURLES
KYLE A. CASAZZA
RICHARD C. CHEN
AARON GREENE LEIDERMAN
ERIN J. COX
CLAIRE YAN
DAVID H. PENNINGTON
MARK R. SAYSON
JOHN M. RAPPAPORT
DAVID C. THOMPSON
ANNE HENRY LEE
MATTHEW M. STEINBERG
CHRISTIAN K. WREDE
PETER E. GRATZINGER

OF COUNSEL

RICHARD D. ESBENSHADE†
ROBERT K. JOHNSON†
ALAN V. FRIEDMAN†
RICHARD S. VOLPERT
ALLISON B. STEIN
SUSAN E. NASH
ALLEN M. KATZ
WILLIANA CHANG

E. LEROY TOLLES
(1922-2008)

†A PROFESSIONAL CORPORATION

WRITER'S DIRECT LINE
(213) 683-9562
(213) 683-4062 FAX
Richard.StJohn@mto.com

March 12, 2012

The Honorable Mariana R. Pfaelzer
United States District Court
Central District of California
312 N. Spring St., Room 12
Los Angeles, CA 90012

Re:   *Citigroup Global Markets Inc. v. Impac Secured Assets Corp., et al.*,
Case No. CV 11-4514

Dear Judge Pfaelzer:

We write on behalf of plaintiff Citigroup Global Markets Inc. ("CGMI"), in response to the letter of Friday, Marc 9 from counsel for the defendants (collectively "Impac"). Impac's letter marks yet another attempt to obstruct the expedited process the Court has set for resolution of CGMI's partial motion for summary judgment. The relief Impac seeks – permission to file a competing summary judgment motion without waiting for resolution of the pending motion – is unnecessary and inefficient, especially given Impac's concession that the parties will be able to brief the substance of Impac's arguments in connection with the pending motion. Impac's arguments are also deeply flawed on the merits, but the Court need not reach the merits to deny Impac's improper request at this time.

**Background**

Commendably, the Court has worked to manage this case toward an efficient resolution on the merits. It has (1) directed CGMI to file an expedited motion for partial summary judgment on liability, (2) stayed discovery relating to third-party claims, and (3) focused the discovery that

16858131.1

MUNGER, TOLLES & OLSON LLP

The Honorable Mariana R. Pfaelzer
March 12, 2012
Page 2

Impac may take at this stage of the case. As the Court explained at the last conference, "[F]orget extended, long discovery. ... [W]e're going to try to make this efficient."[1]

Notwithstanding the Court's clear admonitions, Impac has pursued a strategy that seeks to delay its day of reckoning and run up the cost of prosecuting this case. Along the way, Impac has misstated key facts to the Court (already earning mention in an earlier order), caused CGMI to travel for a deposition in New York on false pretenses, and engaged in sharp discovery practices at every turn:

- ***Improper attempts to expand the scope of permissible discovery; misstatements to the Court.*** Just one day after the Court issued its December 13, 2011 order specifying six categories of documents that Impac was entitled to receive at this stage of discovery, Impac served multiple sets of broad-based discovery requests. As the Court stated in rejecting Impac's effort: "The Court is concerned both by the apparent mischaracterizations in Impac's letter and by the fact that Impac has propounded discovery that is significantly outside the scope of the Court's December 13, 2011 order."[2]

- ***False pretenses used to delay the summary judgment briefing and run up expenses.***
Shortly before the scheduled deadline for Impac to file its opposition to Impac's summary judgment motion, Impac approached CGMI and contended that its effort to obtain a written declaration from its former counsel, Richard Simonds, had fallen through. On this basis, Impac asked CGMI to agree both to a continuance of the briefing schedule and to the scheduling of a deposition of Mr. Simonds in his home-state of New York. Based on Impac's representations, CGMI agreed, and the parties entered into a stipulation filed with the Court.[3] At CGMI's insistence, the stipulation also documented Impac's representation that it had provided to CGMI "all responsive documents it has regarding Mr. Simonds or the law firms at which he has worked."[4] Incredibly, after flying all the way out to New York to take the deposition, and near the end of the day's testimony, CGMI's counsel learned on cross-examination that Mr. Simonds had not only rejected a draft declaration that Impac asked him to sign ***but had actually completed and signed a declaration that was apparently not to Impac's liking and that Impac never produced to CGMI.*** In explaining the failure to advise CGMI that this declaration actually existed (let alone produce it), Impac's counsel pointed to a purported memory lapse about this crucial document:

> "You know, in all candor I completely forgot about it. I think it's in my email somewhere, so I will definitely get you a copy of it as soon as I have access to a computer."

---

[1] December 2, 2011 Transcript at 40-41 [Dkt. 47-1 at 88-89].

[2] January 11, 2011 Order at 1 [Dkt. 55].

[3] February 23, 2012 Stipulation [Dkt. 61. at 3]

[4] *Id.* (seventh recital).

16858131.1

MUNGER, TOLLES & OLSON LLP

The Honorable Mariana R. Pfaelzer
March 12, 2012
Page 3

- ***Impac's failure to comply with its own discovery obligations.*** Although Impac belatedly produced a copy of the signed declaration some two days after the deposition concluded, it has refused to produce numerous other documents that it was meant to have produced. For instance, Impac has refused to produce the draft declaration that Mr. Simonds refused to sign – purportedly because Impac does not believe draft documents are discoverable.[5] Impac has so far declined to produce still other responsive documents that Mr. Simonds identified – initially based on the erroneous position that it has no obligation to produce documents held by its attorneys, and now without any explanation whatsoever.[6]

### Impac's Current Request

As shown above, Impac has managed to delay the resolution of CGMI's summary judgment motion, which CGMI timely filed almost two months ago. Impac's current request is just another attempt to increase CGMI's burden of obtaining judgment and create potential for delay. Impac concedes at page 2 of its letter that its upcoming opposition to CGMI's pending motion will address the issues Impac would raise in the requested motion. Accordingly the pending motion will give the Court ample opportunity to consider the issues Impac wants to raise. If, as CGMI fervently believes, the arguments are without merit, the Court will be able to dispose of them once and for all in connection with the pending motion. In that case, any time and resources the parties spent on a new round of briefing would prove a total waste. In contrast, if Impac is able to show that any of these arguments has sufficient merit to defeat Impac's summary judgment motion (a scenario that CGMI considers highly doubtful), that will be the time to consider whether a cross-motion by Impac is appropriate. In either case, there is no need or justification for complicating the procedural landscape now with parallel motion practice or twice as many briefs.

It is also worth noting that Impac's justification for this eleventh hour request is demonstrably false. Impac asserts that CGMI "recently admi[tted]" it was aware of both the PSA and prospectus supplement for the relevant trust when it invested in the securities. This is neither a "recent admission" (it has been a matter of record for months, and was affirmatively discussed in CGMI's summary judgment motion[7]), nor the basis for a defense of any sort (any suggestion that CGMI should have acted on a second-hand *description* of the PSA in the pro-supp rather than the *actual, notarized PSA that Impac had filed in Edgar* is absurd). And while Impac breathlessly delivers its contrary conclusion, it has tellingly failed to provide even a single supporting citation from the record or governing case law.

Rather than burden the Court with pre-argument of the merits, CGMI will wait to address Impac's substantive arguments in connection with the pending motion. Since the parties will be

---

[5] See annotated email string attached hereto as Exhibit A.

[6] *Id.* After CGMI cited cases refuting Impac's position regarding documents held by counsel, Impac indicated that it would follow up with Mr. Simonds' firm and revert by March 6 or March 7. Impac has let both dates pass, and has ignored two reminder email messages on the topic that CGMI has sent in the interim.

[7] CGMI's Memorandum In Support of Partial Summary Judgment at 10-11 [Dkt. 49-1]; Declaration of Kevin E Counihan II ¶¶ 8-9 [Dkt.52].

16858131.1

MUNGER, TOLLES & OLSON LLP

The Honorable Mariana R. Pfaelzer
March 12, 2012
Page 4

able to brief the substance of Impac's contentions fully in that context, CGMI respectfully submits that Impac's request to launch a second motion track be denied as unnecessary and inefficient.

Sincerely,

Richard St. John

16858131.1

# EXHIBIT A

# St. John, Richard

| | |
|---|---|
| **From:** | St. John, Richard |
| **Sent:** | Friday, March 09, 2012 1:57 PM |
| **To:** | 'Paul Christensen' |
| **Cc:** | Jasper, Lance; 'Mark Eisenhut' |
| **Subject:** | RE: CitiGroup v. Impac: Letter from Paul Christensen, with Enclosures |

I am disappointed that you have now seen fit to ignore this issue, while obviously addressing your attention to other issues you happen to prefer.  It it is now fully three days since you committed to provide this information. Please respond without further delay.

**Richard St. John** | **Munger, Tolles & Olson LLP**
355 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9562 | Fax:  213.683.4062 | stjohnr@mto.com | www.mto.com

*** NOTICE ***

This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.

---

**From:** St. John, Richard
**Sent:** Thursday, March 08, 2012 9:40 PM
**To:** 'Paul Christensen'
**Cc:** Jasper, Lance; Mark Eisenhut
**Subject:** RE: CitiGroup v. Impac: Letter from Paul Christensen, with Enclosures

Paul,

Two and a half days ago, you stated that you expected to have an answer "by the end of the day or tomorrow morning."  We have not heard form you further on this subject.  Please advise without further delay.

Regards,
Rick St. John

---

**From:** Paul Christensen [mailto:pchristensen@calljensen.com]
**Sent:** Tuesday, March 06, 2012 12:48 PM
**To:** St. John, Richard
**Cc:** Jasper, Lance; Mark Eisenhut
**Subject:** RE: CitiGroup v. Impac: Letter from Paul Christensen, with Enclosures

Rick,

We are looking into the issue of requesting internal emails of SNR Denton, and expect to have an answer for you by the end of the day or tomorrow morning.

5

3/12/2012

We are not willing to produce a draft declaration, for various reasons.  First and foremost, a draft declaration which the witness did not adopt is not responsive to anything.  Further, the Court has drawn a very narrow line with respect to discovery allowed during this summary judgment process, and we do not believe anything in a draft, unsigned declaration could possibly shed light on anything that can be adjudicated summarily in this proceeding.

Thanks,

Paul



PAUL CHRISTENSEN
TELEPHONE 949.717.3000
FACSIMILE 949.717.3100

610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** St. John, Richard [mailto:Richard.StJohn@mto.com]
**Sent:** Monday, March 05, 2012 1:49 PM
**To:** Paul Christensen
**Cc:** Jasper, Lance; Mark Eisenhut
**Subject:** RE: CitiGroup v. Impac: Letter from Paul Christensen, with Enclosures

Paul,

As to the first issue, please confirm whether or not you have made a demand of SNR Denton that they produce the materials to you.

As to the second issue, I do not understand why you believe drafts are not discoverable, so it is not possible for me to respond with authority.  Please explain your position -- with authority if you have any -- and I will respond accordingly.  I trust you can at least explain your position today, with or without supporting authority.

Regards,
Rick St. John


Richard St. John | Munger, Tolles & Olson LLP
355 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9562 | Fax:  213.683.4062 | stjohnr@mto.com | www.mto.com

***NOTICE***

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Paul Christensen [mailto:pchristensen@calljensen.com]
**Sent:** Monday, March 05, 2012 1:39 PM
**To:** St. John, Richard
**Cc:** Jasper, Lance; Mark Eisenhut
**Subject:** RE: CitiGroup v. Impac: Letter from Paul Christensen, with Enclosures

Rick,

I am still working on these issues. I have spoke with Eddie Reich at SNR Denton and he indicated the firm was still looking into the internal email issue you addressed at the deposition and that they may be asserting a privilege regarding discovery.

As for the draft declaration of Mr. Simonds, I am still waiting for the authority to support why Impac must produce draft declarations.

Thanks,

Paul



PAUL CHRISTENSEN
TELEPHONE 949.717.3000
FACSIMILE 949.717.3100
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** St. John, Richard [mailto:Richard.StJohn@mto.com]
**Sent:** Friday, March 02, 2012 12:49 PM
**To:** Paul Christensen
**Cc:** Jasper, Lance; Mark Eisenhut

**Subject:** RE: CitiGroup v. Impac: Letter from Paul Christensen, with Enclosures

Paul,

It is well established that documents held by outside counsel that pertain to work performed for a client are within the "possession, custody or control" of the client for purposes of Rule 34, and thus must be produced (or, if privileged, logged) in response to discovery served on the client.  *See, e.g., Wingnut Films Ltd. v. Jatja Motion Picture Corp.*, 2007 WL 2758571, at *12 (C.D. Cal. 2007); *Malletier v. Dooney & Bourke, Inc.*, 2006 WL 3476735, at *4-5 (S.D.N.Y. 2006) (collecting authority).  From your email message, we gather you anticipate resistance from Mr. Simonds' current firm.  Please confirm that you are at least pressing for these important documents to be produced, and that you will turn them over if and when you are able to receive them.

We do not understand why you think draft documents are somehow exempted from discovery.  Please explain your position and provide the authority, if any, on which it is based.

Regards,
Rick St. John


**Richard St. John** | **Munger, Tolles & Olson LLP**
355 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9562 | Fax:  213.683.4062 | stjohnr@mto.com | www.mto.com

* * *NOTICE* * *

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected.  Thank you.*

---

**From:** Paul Christensen [mailto:pchristensen@calljensen.com]
**Sent:** Friday, March 02, 2012 11:01 AM
**To:** St. John, Richard
**Cc:** Jasper, Lance; Mark Eisenhut
**Subject:** RE: CitiGroup v. Impac: Letter from Paul Christensen, with Enclosures

Rick,

As I informed you at the deposition, we were unaware of the internal SNR Denton emails.  We do not have any copies of these emails, nor have we requested them.  Further, we are unclear on your position regarding how internal SNR Denton emails are under Impac's "control".  Please provide us authority to support this claim, as we anticipate any request we make to SNR Denton for these documents will be rebuffed.

Likewise, we do not agree with the position that Impac must provide draft declarations.  A draft declaration would not be considered a responsive document as required by the stipulation.  Therefore, unless you can provide us with authority demonstrating our need to provide draft declarations we are unwilling to do so at this time.

Regards,

Paul



PAUL CHRISTENSEN

TELEPHONE 949.717.3000
FACSIMILE 949.717.3100

610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** St. John, Richard [mailto:Richard.StJohn@mto.com]
**Sent:** Friday, March 02, 2012 9:55 AM
**To:** Paul Christensen
**Cc:** Jasper, Lance; Valentina Neufeld
**Subject:** RE: CitiGroup v. Impac: Letter from Paul Christensen, with Enclosures

Paul,

Thank you.  You were also supposed to send me a copy of the draft declaration Impac sent to Mr. Simonds, along with any related communications.  I trust you can do that still this morning.

Please do get back to me on the other issues as soon as possible.  As noted in my letter, we need to know your position on those other matters today so that we can determine how to proceed -- including, potentially, seeking relief from the Court early next week.

Regards,
Rick St. John


**Richard St. John** | **Munger, Tolles & Olson LLP**
355 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9562 | Fax:  213.683.4062 | stjohnr@mto.com | www.mto.com

***NOTICE***

This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected.  Thank you.

9

3/12/2012

**From:** Valentina Neufeld [mailto:vneufeld@calljensen.com]
**Sent:** Friday, March 02, 2012 9:41 AM
**To:** St. John, Richard
**Cc:** Jasper, Lance; Paul Christensen
**Subject:** CitiGroup v. Impac: Letter from Paul Christensen, with Enclosures

Dear Mr. St. John:

Please see attached correspondence from Paul Christensen.
Thank you.

Valentina Neufeld,
assistant to Paul Christensen



The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

*10*

3/12/2012